```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

TONYA MCINTYRE,                      :
                                     :
    Plaintiff,                       :
                                     :
    v.                               :    CASE NO. 3:14cv33(RNC)
                                     :
BF CAPITAL HOLDING, LLC, ET AL.,     :
                                     :
    Defendants.                      :

                       ORDER ON MOTION TO COMPEL

Pending before the court is third party defendants Michael Petrucci and Petrucci Painting, LLC's (the "Petrucci defendants") motion to compel the production of Richard Cottrell for a corporate designee deposition on behalf of MAB Enterprises, LP ("MAB") pursuant to Fed.R.Civ.P. 30(b)(6). (Doc. #108.)  For the following reasons, the motion is DENIED.

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions by oral examination.  See Fed.R.Civ.P. 30(a).  The purpose of a deposition is "to find out what the witness saw, heard, and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness."  7 James Wm. Moore, Moore's Fed. Prac. § 30.02 (3d ed. 2016).  A party may depose any person, including a non-party.  Fed.R.Civ.P. 30(a)(1); see also Less v. Taber Instrument Corp., 53 F.R.D. 645, 647 (W.D.N.Y. 1971) ("Rule 30(a) . . . does not distinguish between parties and non-parties; it

simply provides that any party may take the testimony of any person, including a party, by deposition upon oral examination."). To take a deposition under Rule 30(a), the party seeking the deposition must give reasonable written notice to every other party. Fed.R.Civ.P. 30(b)(1). The notice must include the time and place of the deposition, as well as the name and address of the deponent, or a general description sufficient to identify the deponent. Id. The scope of discovery obtained by a deposition is limited by the scope and limits set forth in Rule 26(b). See Fed.R.Civ.P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

In addition to deposing an individual, a party may depose an organization pursuant to Rule 30(b)(6). To take a Rule 30(b)(6) deposition, in its notice or subpoena, the party must name as the deponent the organization it seeks to depose and must also describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named organization then must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and set out the matters on which each person designated will testify. Id.

A deposition noticed under Rule 30(b)(6) is markedly different than one noticed under Rule 30(a).  Perhaps the most significant difference is that "[t]he testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation," Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 74 (D. Conn. 2010), whereas the "[t]he testimony of a witness noticed as an individual does not bind an entity." Sabre v. First Dominion Capital, LLC, No. 01 CIV. 2145 (BSJ), 2002 WL 31556379, at *2 (S.D.N.Y. Nov. 15, 2002).  The Petrucci defendants' motion disregards this distinction.  They ask the court to order MAB to designate Cottrell as its corporate designee and produce him for a Rule 30(b)(6) deposition.  That request ignores an important facet of Rule 30(b)(6): the noticed organization is empowered with the right--and obligation--to designate the person(s) to testify on its behalf.  There is no procedural vehicle for the Petrucci defendants to choose MAB's corporate designee.  Nor does the court have authority to enter an order requiring MAB to designate and produce Cottrell as its 30(b)(6) witness.  See Wultz v. Bank of China Ltd., 298 F.R.D. 91, 99 (S.D.N.Y. 2014) ("[T]here is no binding authority permitting the court to compel a corporation deponent to designate a specific person to be its Rule 30(b)(6) witness.").  For these reasons, the motion to compel is DENIED.

All that said, as a practical matter, counsel routinely schedule depositions without court intervention.  It is unclear from the Petrucci defendants' motion whether they satisfied the meet and confer obligations under the Federal and Local Rules[1] before filing this motion to compel.  Counsel for the Petrucci defendants states only that he "made good faith efforts to confer and attempt to confer with opposing counsel in order to locate Mr. Richard Cottrell in accordance with Rule 37." (Doc. #108, p. 1.)  This statement does not inform the court of the extent of counsel's efforts to confer or whether they engaged in a meaningful dialogue about the deposition.  See, e.g., Doe v. Mastoloni, 307 F.R.D. 305, 313 (D. Conn. 2015) ("A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules.  Rather, under Local Rule 37(a), a movant must confer with opposing counsel and must discuss discovery disputes in detail and in good faith.").

---

[1] See Fed.R.Civ.P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an attempt to obtain it without court action."); D.Conn.L.Civ.R. 37(a) ("No motion [to compel] . . . shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.").

The court also notes that MAB failed to file a response to the motion to compel.[2]  Under different circumstances, this failure could have provided sufficient cause to grant the motion. See D.Conn.L.Civ.R. 7(a)(1) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").

SO ORDERED at Hartford, Connecticut this 20th day of September, 2016.

```
           /s/
Donna F. Martinez
United States Magistrate Judge
```

---

[2] This is not the first time MAB has failed to respond to a motion to compel.  In May, plaintiff filed a motion to compel MAB's initial disclosures and discovery responses. (Doc. #81.) MAB did not file a memorandum in opposition.  On June 13, 2016, the court scheduled oral argument for July 8, 2016 and ordered MAB to file its memorandum by June 17, 2016. (Doc. #89.)  Despite this order, MAB did not file its memorandum until July 4, 2016-- just four days before oral argument. (Doc. #94.)  At oral argument, counsel for MAB accepted responsibility, but offered no compelling reason for MAB's failure to file a timely memorandum or comply with discovery rules.  The court granted plaintiff's motion to compel and awarded plaintiff reasonable attorney's fees and costs, to be paid by MAB's counsel. (Doc. #97.)